### MORGAN *v.* MOUNT, sheriff.

JENKINS, Justice. The petitioner for habeas corpus pleaded guilty of of an automobile, and was imprisoned under an unconditional written sentence of three to five years in the penitentiary. He based his petition on the ground that this sentence did not conform to the oral statement of the judge, made in open court at the time of the plea, that the period of sentence would run concurrently with a previous Federal sentence imposed on the petitioner. There was positive testimony by several witnesses in support of these averments, which, however, was contradicted by other testimony. The judge denied the writ of habeas corpus. *Held:*

While evidence was admitted as to what the judge orally declared at the time he passed sentence, this testimony was in conflict as to whether such oral statement corresponded with the written sentence signed by the judge. But even though it had been shown without dispute that such a conflict did exist, the oral testimony could not have the effect of changing the legal sentence as put in writing and signed by the judge, since it is the signed writing, and not the previous oral announcement, which constitutes the legal sentence; and any such oral statement could not "have the effect of modifying the sentence or the manner of its enforcement." *Dixon* v. *Beaty*, 188 *Ga.* 689, 691 (4 S. E. 2d, 633); *Conley* v. *Pope*, 161 *Ga.* 462 (3) (131 S. E. 168); *Freeman* v. *Brown*, 115 *Ga.* 23, 27 (41 S. E. 385); *Lytle* v. *DeVaughn*, 81 *Ga.* 226, 228 (7 S. E. 281); *Mathews* v. *Swatts*, 16 *Ga. App.* 208 (84 S. E. 980); *Easterling* v. *State* 11 *Ga. App.* 134 (74 S. E. 899); *Nashville, Chattanooga & St. Louis Ry.* v. *Brown*, 3 *Ga. App.* 561 (2 *a*, *b*), 563 (60 S. E. 319). Accordingly, the judge did not err in denying the writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

No. 14385. JANUARY 13, 1943.

*Wesley R. Asinof,* and *D. F. Black,* for plaintiff. *John A. Boykin, solicitor-general,* and *Durwood T. Pye,* for defendant.