47423. NEWTON v. THE STATE.

STOLZ, Judge. The defendant, along with his wife, was indicted and tried for the offense of cruelty to children. *Code Ann.* § 26-2801 (Ga. L. 1968, pp. 1249, 1322). The indictment alleged that the indictees, supervising the welfare of the wife's 2-year-old daughter (the defendant's stepdaughter), "did wilfully and maliciously cause physical pain to said child by striking and beating said child with their hands and fists, and by burning said child with some hot object which is to the grand jurors unknown, and did wilfully deprive said child of necessary sustenance . . ." The defendant appeals from the judgment of conviction of cruelty to children and sentence of five years' imprisonment, and the overruling of his motion for new trial as amended. He enumerates as error the trial court's failure to charge (without request) the lesser included offense of simple battery (*Code Ann.* § 26-1304; Ga. L. 1968, pp. 1249, 1281), and the overruling of his motion for new trial as amended. *Held:*

1. "Where a charge of an offense of graver character includes (without additional averment) a minor offense, it is the duty of the trial judge to instruct the jury upon the law applicable to the lesser offense, where the evi-

dence, under any view thereof, will authorize a conviction of the lesser offense. Where, however, the evidence, if credible, proves the completed offense as charged in the indictment, the failure of the judge, without appropriate request, to instruct the jury upon the law applicable to the lesser offense is not cause for new trial, though the jury would have been authorized to convict of the lesser offense in view of the defendant's statement." *Moore v. State,* 151 Ga. 648 (5) (108 SE 47).

Assuming without deciding that the crime of simple battery was included in the crime of cruelty to children as charged in the indictment (as to this, see *Code Ann.* § 26-505; Ga. L. 1968, pp. 1249, 1267), the failure of the judge to charge on the lesser offense of simple battery was not reversible error in this case. The defendant absolutely denied the allegations of the indictment and testified that the injuries resulted from various accidents. His uncorroborated testimony was contradicted by ample credible evidence, in the form of eyewitness and medical testimony, to prove the offense of cruelty to children as charged in the indictment. Hence, under the evidence, the jury was authorized to reach one of two verdicts, i.e., either not guilty, on the theory of accident, or guilty of the crime of cruelty to children, which was alleged and proved.

2. The verdict being amply authorized by the evidence, the overruling of the motion for new trial on the general grounds was not error. The special ground of the motion for new trial, is not argued, hence, is deemed abandoned.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*
SUBMITTED SEPTEMBER 6, 1972—DECIDED SEPTEMBER 19, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, James H. Mobley, Jr., Morris H. Rosenberg, Joel M. Feldman,* for appellee.