## 37574. CURRY v. THE STATE.

HILL, Presiding Justice.

The defendant was indicted on January 3, 1980, on two counts: (1) aggravated assault on a peace officer, Detective Robert Lowe, on September 21, 1979; and (2) simple battery on Detective Robert Lowe on September 21, 1979. The first trial resulted in a hung jury.

Defendant was reindicted on four counts. Counts 1 and 2 were the same as before. Count 3 charged obstruction of an officer, in that the defendant obstructed and hindered Detective Robert Lowe from arresting him on September 21, 1979. Count 4 charged using abusive or obscene language in the presence of the female employees of the Dairy Queen on Gray Highway on September 21, 1979. At the second trial, the evidence showed that on September 21, 1979, the defendant ordered two chili cheese dogs at the drive-in window at the Dairy Queen on Gray Highway, that he returned when he discovered that the cheese had been left off and engaged in an argument with several female employees, and that he struggled with Detective Lowe as he was being removed from the premises. The second jury acquitted the defendant on Count 1 and found him guilty on Counts 2, 3 and 4 (misdemeanors).

On June 17, 1980, the trial court announced sentence: on Count 2, 12 months on probation on condition the defendant enter the Macon Diversion Center; on Counts 3 and 4, 12 months on probation to run concurrently with each other but consecutively to the sentence on Count 2, conditioned on a $500 fine and restitution to Detective Lowe of medical bills and lost wages. Before this sentence was reduced to writing and entered, on June 27 the trial court sentenced the defendant to serve 12 months in jail on Count 2 and deleted the $500 fine, with the remainder of the sentence to remain as before.

Defendant enumerates error as follows: (a) the trial court erred in overruling his demurrer to Count 4 of the indictment in that the crime of using obscene, vulgar or profane language in the presence of a female or a male under age 14, Code § 26-2610 (b), is unconstitutionally vague and overbroad, and is based upon sex;

(b) the trial court erred in overruling his demurrer to the indictment attacking the addition of Counts 3 and 4 after the first jury was unable to reach a verdict on Counts 1 and 2;

(c) the trial court erred in overruling his plea of double jeopardy, made first in his motion for new trial, based upon his guilty plea in municipal court to the charge of disorderly conduct; and

(d) the trial court erred in increasing his sentence on Count 2 from 12 months on probation to 12 months in jail. We will consider enumeration of error (c) first as it could be dispositive of the case.

1. In support of his double jeopardy plea, defendant urges that his guilty plea in municipal court to the charge of disorderly conduct precluded his being tried in superior court, citing *State v. Burroughs,* 246 Ga. 393 (271 SE2d 629) (1980). Pretermitting the question of whether a plea of double jeopardy is waived by failure to raise it until motion for new trial, the record before us contains nothing from the municipal court. All we have is the assertion in an amendment to the motion for new trial that defendant entered a guilty plea to the charge of disorderly conduct in municipal court prior to being indicted for battery (Count 2) and that his plea and conviction were based on the same facts. There is no copy of the accusation and guilty plea from the municipal court, no transcript of the guilty plea, no transcript of the hearing on the motion for new trial, and no findings of fact by the trial court with respect to the proceedings in municipal court. We cannot on this record declare that the defendant has been put in double jeopardy by reason of a guilty plea in municipal court.

2. Defendant urges that he cannot be reindicted for additional crimes after a jury is unable to reach a verdict on the original indictment. He urges that the trial court erred in overruling his demurrer to Counts 3 and 4 of the second indictment. We agree. *State v. Tate,* 136 Ga. App. 181 (220 SE2d 741) (1975); see also *Marchman v. State,* 234 Ga. 40 (215 SE2d 467) (1975); Blackledge v. Perry, 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974); United States v. D'Alo, 486 FSupp. 954 (D. R.I. 1980).

Code § 26-506 (b) provides that "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." The state urges that the addition of Counts 3 and 4 is allowed by Code § 26-507 (b). The answer to this argument is that whether or not allowed by Code § 26-507 (b), the addition of Counts 3 and 4 is barred by Code § 26-506 (b), quoted above. The defendant is not to be penalized, by the addition of new charges, for the state's failure to obtain a conviction upon the first trial.

3. Our determination in Division 2 that the convictions on

Counts 3 and 4 cannot stand renders it unnecessary for us to reconsider the constitutional validity of Code § 26-2610 (b) on which Count 4 was based. See *Breaux v. State,* 230 Ga. 506 (197 SE2d 695) (1973).

4. The defendant urges that it was error for the trial court to increase his sentence on Count 2 from 12 months on probation to 12 months in jail. A sentence which has been reduced to writing and signed by the judge may not be increased after the defendant has begun to serve that sentence. *Higdon v. Cooper,* 247 Ga. 746 (279 SE2d 451) (1981). This limitation on the court's sentencing authority stems from the double jeopardy provisions of our constitutions. United States v. Benz, 282 U. S. 304 (51 SC 113, 75 LE 354) (1931).

An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is. *Morgan v. Mount,* 195 Ga. 281 (24 SE2d 17) (1943).[1] However, the oral declaration of the sentence may not be increased after the defendant has begun to serve it. *Carrindine v. Ricketts,* 236 Ga. 283, 288, 290 (223 SE2d 627) (1976).

Here the judge's oral declaration of a 12 months probated sentence was not reduced to writing and there is no evidence that service of that sentence was commenced. Under these facts, the oral declaration as to what the sentence would be was within the breast of the court and could be increased at any time before it was formally entered by the judge or before service of the sentence was commenced. See *Sherman v. State,* 142 Ga. App. 691, 692 (237 SE2d 5) (1977); Williams v. State, 365 S2d 201 (Fla. DCA 1978).

Defendant relies upon North Carolina v. Pearce, 395 U. S. 711, 723 (89 SC 2072, 23 LE2d 656) (1969). It was held there that where a defendant has secured a new trial, due process requires that vindictiveness against the defendant for having successfully attacked his first conviction must play no part in the sentence received at the new trial and thus the reasons for imposition of the harsher sentence must affirmatively appear in the record and be based on objective information as to the defendant's conduct after the original sentence. 395 U. S. at 725-726. Here the defendant has not been retried and hence the need to protect against possible vindictiveness is not present.

At the resentencing hearing the trial judge stated that after thinking about it, he had concluded that he had made an error and that the probated sentence was not proper in view of the fact that the

---

[1] Nothing stated herein is intended to change the holdings of this court in *State v. Germany,* 246 Ga. 455 (271 SE2d 851) (1980).

defendant had been found guilty of simple battery, the victim being a police officer engaged in the performance of his duties. North Carolina v. Pearce has not been extended so as to apply to this case and we decline to extend it because, as found above, the court was authorized to amend its oral pronouncement and there is no suggestion of vindictiveness against the defendant for having exercised any legal right; there is only the trial court's effort to make the punishment fit the crime of which the jury had found the defendant to be guilty.

*Judgment affirmed as to Count 2; reversed as to Counts 3 and 4. Jordan, C. J., Marshall, Clark, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 9, 1981 —
REHEARING DENIED SEPTEMBER 23, 1981.

*Thomas F. Jarriel,* for appellant.
*Willis B. Sparks III, District Attorney,* for appellee.