## 76831. FOWLER v. THE STATE.

(374 SE2d 805)

SOGNIER, Judge.

Roger Cecil Fowler was convicted of aggravated assault, and he appeals.

The record reveals that appellant and his wife divorced several months before the incident at issue, but subsequently began seeing one another again. On the morning of June 12, 1986, appellant drove to the home of the victim, Gary Campbell, who had been having an affair with appellant's former wife for a number of months prior to the divorce. Appellant confronted Campbell regarding his intentions toward appellant's former wife, but Campbell rebuffed him and drove away. Appellant followed, chasing Campbell at increasing speeds, and fired three shots at Campbell's truck, hitting him once. The chase ended when the two trucks collided.

1. Appellant first enumerates as error the trial court's failure to give his requested charge on the intent required for the offense of aggravated assault. Appellant does not argue that the trial court's general charge on intent was incorrect as given, but instead contends the specific charge on aggravated assault was incomplete because it did not include the element of "intent to injure." The trial court instructed the jury that "[i]ntent is an essential element of any crime," and then set forth the principles articulated in OCGA § 16-2-6. See *Griffin v. State*, 230 Ga. 449, 452-453 (3) (197 SE2d 723) (1973). The trial court subsequently charged the jury on the elements of assault set forth in OCGA § 16-5-21, but did not include intent to injure. Thus, the element of intent was not repeated during the portion of the trial court's charge that focused directly on assault. However, we find the general charge on intent sufficient to enable the jury to apply it to the assault count, and "we find nothing in the transcript to support appellant's contention that the jury could not, or did not, understand the charge on intent as applied to aggravated assault." *Cade v. State*, 180 Ga. App. 314, 316 (4) (348 SE2d 769) (1986). Given that the trial court's charge covered the principles set forth in the requested charge, the court did not err by refusing to give appellant's charge. See id.

2. Appellant also enumerates as error the trial court's refusal to give his requested charge on OCGA § 16-2-2, which provides that a defendant shall not be found guilty "of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." However, neither misfortune nor accident was indicated by the evidence adduced at trial, which showed that appellant confronted the victim and then pursued him through downtown Warner Robins, shooting at the victim's truck and hitting him in the shoulder and rib. " 'Deliber-

ately firing a gun in the direction of a human being . . . raises no issue of accident or misfortune when the charge is aggravated assault.' [Cit.]" *Stovall v. State*, 169 Ga. App. 691, 693 (4) (314 SE2d 707) (1984). Thus, the evidence did not authorize a charge based on OCGA § 16-2-2, and the trial court did not err by refusing to so instruct the jury. See generally *Grant v. State*, 161 Ga. App. 403, 404 (4) (288 SE2d 118) (1982).

3. Appellant has failed to support his second enumeration of error by either argument or citation of authority. Therefore, we deem it abandoned pursuant to Rule 15 (c) of this court. *Garner v. State*, 182 Ga. App. 251, 252 (4) (355 SE2d 451) (1987).

4. Appellant also contends the trial court erred by failing to charge the jury as requested on lesser included offenses, and specifically on reckless conduct, simple assault, and pointing a pistol at another. Although these offenses are lesser included offenses of aggravated assault, *Bowers v. State*, 177 Ga. App. 36, 37-38 (1) (338 SE2d 457) (1985); *Morrison v. State*, 147 Ga. App. 410, 412 (249 SE2d 131) (1978), "[i]t is not error to fail to charge the lesser included offense if the jury would be unauthorized to return that verdict based on the evidence. [Cit.]" *Watson v. State*, 235 Ga. 461, 466 (219 SE2d 763) (1975). In the case at bar, appellant's witnesses did not materially contest the State's version of the facts, but instead offered evidence on the defense of temporary insanity, and thus the jury would have been authorized to find only that appellant either was guilty of aggravated assault, the greater offense, or was not guilty. See *Newton v. State*, 127 Ga. App. 64, 65 (1) (192 SE2d 526) (1972). Accordingly, we find no error in the trial court's refusal to charge the lesser offenses.

5. Appellant next contends the trial court erred by failing to give his requested charge that in deciding the issue of insanity, the jury is "authorized to consider the opinion, not only of the expert witnesses, but of any witnesses." Defense witness Wayne Phillips, a close friend of appellant, testified that in his opinion appellant did not know right from wrong at the time of the shooting and could not resist doing what he did, and that appellant had "too many emotions for him to have a concrete decision." We do not suggest that appellant's requested charge was an accurate and complete statement of the applicable law. Nonetheless, the trial court's instructions on credibility of witnesses, the weight to be given expert testimony, and the charge authorizing the jury to consider "[a]ny evidence as to sanity, insanity and mental illness" sufficiently set forth appellant's requested charge, and thus no error is presented. See generally *Farmer v. State*, 185 Ga. App. 512, 513 (3) (364 SE2d 639) (1988).

6. In his next enumeration, appellant contends the trial court erred by failing to charge the jury on delusional insanity as requested. However, the record reveals no evidence that appellant met any of the

elements of delusional insanity as articulated in *Stevens v. State*, 256 Ga. 440, 442 (350 SE2d 21) (1986). Indeed, appellant's clinical psychologist testified he found no evidence of delusional compulsion in appellant. Further, the charge requested by appellant was an incomplete statement of the law on delusional insanity because it did not include the elements that the criminal act be connected to the delusion, and that the delusion must be as to a fact which, if true, would justify the act. See id. at 442. Thus, the failure to charge on these issues was not error. See generally *Young v. State*, 163 Ga. App. 507, 508 (3) (295 SE2d 175) (1982); see also *Graham v. State*, 236 Ga. 378, 380-82 (223 SE2d 803) (1976).

7. Finally, appellant contends the trial court improperly increased his initial sentence. The record reveals that at the sentencing hearing on June 5, 1987, the trial court sentenced appellant to seven years' probation, the first of which was to be served on intensive probation, and ordered him to pay a fine and make restitution to the victim. Appellant then met with his probation officer, but became "highly upset and highly rebellious" when he learned the rules and conditions of intensive probation, and twice walked out of the meeting. The probation officer concluded appellant did not intend to abide by the terms of his probation, and accordingly had him taken into custody. Subsequently, upon the State's motion for reconsideration of sentence, the court held a second hearing on June 11, 1987. Although the trial court noted that appellant had entered upon the execution of his sentence, the court changed appellant's sentence to ten years, one of which was to be served in prison.

" '[J]udgments of a court are within its breast until the end of the term, and the sentence may be amended at any time during the term and before execution has begun.' [Cits.]" *Schamber v. State*, 152 Ga. App. 196, 198-199 (3) (262 SE2d 533) (1979). However, " '[o]nce a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition against double punishment or jeopardy.' [Cits.]" *Brown v. Moody*, 243 Ga. 473, 474 (1) (254 SE2d 853) (1979). Although the judgment in the instant case was still within the breast of the court, appellant had begun serving his sentence when he met with the probation officer, and thus the trial judge did not have authority to *increase* appellant's sentence. See *Inman v. State*, 124 Ga. App. 190, 192-193 (1) (183 SE2d 413) (1971). The court was authorized only to *modify* the sentence by revoking appellant's probation if the court concluded appellant had violated his probation by refusing to abide by the conditions. *Garland v. State*, 160 Ga. App. 97, 99 (286 SE2d 330) (1981). Accordingly, the sentence must be vacated and appellant must be resentenced.

*Judgment affirmed as to conviction; judgment vacated as to sentence and case remanded for resentencing consistent with the above guidelines. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 20, 1988.

*George L. Williams, Jr.*, for appellant.
*Theron G. Finlayson, District Attorney*, for appellee.