A89A1919. EDGE v. THE STATE.
(391 SE2d 18)

COOPER, Judge.
After pleading guilty to burglary, appellant was sentenced to 20

---

years of probation, the first 60 to 120 days of which were to be served at a specific probation detention center. The sentence was reduced to writing, signed by the trial judge, and filed. Appellant then executed all the necessary probation documents. The trial court subsequently conducted a hearing at which it declared that the probation detention center had refused to accept appellant, and then resentenced appellant to 20 years, three to serve, 17 to be probated. This appeal is from that sentence.

"The law is clear. Once a defendant begins to serve his sentence it may not be increased. [Cit.]" *Higdon v. Cooper*, 247 Ga. 746 (279 SE2d 451) (1981). This court has held that a defendant enters upon service of a probated sentence by meeting with a probation officer after the sentence is imposed. *Fowler v. State*, 188 Ga. App. 873 (7) (374 SE2d 805) (1988). It is clear, therefore, that appellant had entered upon the service of his sentence prior to the trial court's attempts to increase the sentence. The second sentence was, therefore, void. *Inman v. State*, 124 Ga. App. 190 (1) (183 SE2d 413) (1971).

The State's and the trial court's reliance on *Castillo v. State*, 178 Ga. App. 312 (5) (342 SE2d 782) (1986), is misplaced. There, unlike the situation in *Fowler, Inman*, and the present case, there was no indication that the defendant had met with a probation officer and thereby entered into service of his sentence. The State's argument that appellant waived appellate review of this issue by choosing the three years to serve and 17 on probation instead of the 10 years to serve which the trial court offered if appellant insisted on challenging the second sentence is without merit: both the alternatives offered were equally void.

Although it appears that the condition of probation that appellant serve part of the period of probation in a specified probation detention center is not capable of performance since the detention center would not accept appellant, the remedy was not to scrap the whole sentence and give appellant an increased period of incarceration. Instead, the trial court would have authority to modify the sentence so long as the modification did not constitute an increase in the sentence. *Schamber v. State*, 152 Ga. App. 196 (3) (262 SE2d 533) (1979). Accordingly, we reverse the sentence imposed on appellant and remand with direction that a sentence be entered which does not reflect an increase in punishment.

The State's motion to dismiss the appeal for failure of appellant to file a brief and enumeration of error is denied: although the brief and enumeration of error were tardily filed, their lateness did not delay the consideration of the appeal.

*Sentence reversed and case remanded with direction. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 12, 1990.

*Garner, Willis, Sweat & Goldsmith, Willis A. Duvall, Jr.*, for appellant.

*Britt R. Priddy, District Attorney, John L. Tracy, Assistant District Attorney*, for appellee.