A97A0849. HARP v. THE STATE.
(491 SE2d 923)

RUFFIN, Judge.

Anthony Glen Harp pled guilty to violating the Georgia Controlled Substances Act and driving without a license. He appeals, arguing that the trial court improperly modified and increased his sentence after its execution. For reasons which follow, we reverse and remand for resentencing.

The record shows that Harp entered his guilty plea during his jury trial on October 7, 1996. Following the plea, the trial court stated as follows: "I'm going to do this, Mr. Harp. It will be the sentence of the court that you serve ten years in the Georgia state penal system. The court will suspend that upon payment of a fine of $5,000.00. You will leave the $300.00 that you have in your pocket in the registry of the court with the clerk's office. I will also direct that you reappear in Butts Superior Court on November 11th at 9:00 o'clock and the court will change the sentence then to an appropriate sentence that we'll just have to discuss at that time. It will conform to what I generally do with other defendants. . . . You can pay the clerk and see the probation department. . . ." Counsel for Harp then inquired, "[t]hat is the sole condition of that sentence; is that correct?" The trial court responded, "[y]es, sir. He'll have the $5,000.00, or the $4,700.00 when he comes back." Immediately thereafter, the trial court released the jury, stating that "[t]his defendant has

entered a plea of guilty and the court has sentenced him, so the case is over."

Pursuant to the trial court's instructions, Harp paid $300 into the court's registry on the day of his plea. On November 11, 1996, Harp remitted the balance of the $5,000 fine to the clerk and appeared again before the trial court. At that point, the trial judge stated that he was not willing to suspend all of Harp's sentence and that Harp should receive "a little probation[.]" Over defense counsel's objections, the trial court directed that, in addition to paying the $5,000 fine, Harp serve three years of his ten-year sentence on probation, with the remaining seven years suspended. The trial court memorialized the sentence, including the probation requirement, that same day.

On appeal, Harp argues that the trial court improperly increased his sentence. We agree.

"Once a defendant begins to serve his sentence it may not be increased. [Cit.]" *Higdon v. Cooper*, 247 Ga. 746 (279 SE2d 451) (1981); *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d 18) (1990). "While it is true that an oral sentence is not a binding judgment of the court, the law is also clear that once a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition against double punishment or jeopardy. [Cits.]" *Inman v. State*, 124 Ga. App. 190, 192 (1) (183 SE2d 413) (1971).

The State argues that the trial court's statements on October 7, 1996 were simply a precursor to Harp's sentence, not his "formal sentencing." A clear reading of the transcript, however, shows that the trial court did not merely lay a preliminary framework for the ultimate sentence, as the State contends. In its own words, the trial court issued "the sentence of the court" on that date and told the jury that it "ha[d] sentenced [Harp], so the case is over." Even the trial court's plan to "change the sentence" later reveals that the court intended its oral statements on October 7, 1996 to be Harp's sentence, at least as of that date. We agree that an oral declaration of what the sentence will be is not the formal "sentence of the court," which must be signed by the trial judge. *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). "However, the oral declaration of the sentence may not be increased after the defendant has begun to serve it. [Cit.]" Id.

We find that Harp commenced his sentence before the trial court added the probation requirement on November 11, 1996. Not only did Harp pay $300 of his $5,000 fine on October 7, 1996, he remitted the balance of the fine to the clerk's office before the court imposed the probation requirement. We further find that the trial court's

additional probation requirement impermissibly increased Harp's sentence.

Although similar, a suspended sentence does not equal probation. "[A] probated sentence is served under the supervision of the probation officers pursuant to the Statewide Probation Act, whereas a suspended sentence is served without such supervision, but on such legal terms and conditions as are required by the sentencing judge." (Citations and punctuation omitted.) *Williams v. State*, 191 Ga. App. 217, 218 (1) (381 SE2d 399) (1989). See also OCGA § 42-8-39 (providing that a suspended sentence "shall not have the effect of placing the defendant on probation"). The trial court's only term or condition relating to the October 7, 1996 suspended sentence was payment of the $5,000 fine. In contrast, the court's November 11, 1996 probation order imposed significant "conditions of probation," including submission to various tests and searches, reporting requirements, and limitations on Harp's movements inside and outside of Georgia. By their own terms, these conditions relate to the probationary portion of the sentence, rather than the suspended portion. Harp's sentence thus changed from a suspended ten-year sentence conditioned only upon payment of a fine to three years of probation subject to multiple conditions, plus seven years suspended following payment of the fine.

The trial court's new "conditions of probation" were not merely rehabilitative. Compare *Edwards v. State*, 216 Ga. App. 740 (3) (456 SE2d 213) (1995). They included penalties restricting Harp's liberty in ways never contemplated by the original suspended sentence. See *Pitts v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992) (" '(C)onditions of probation may be imposed for *punitive* purposes, such as by restricting a person's liberties short of total incarceration. . . .' [Cit.]" (Emphasis supplied.)). By imposing these new conditions, the trial court improperly increased Harp's punishment after he began to serve his sentence. Accordingly, we reverse the sentence entered on November 11, 1996 and remand with direction that a sentence be entered which does not reflect an increase in punishment from the oral declaration of sentence issued on October 7, 1996. See *Harris v. State*, 261 Ga. 859 (2) (413 SE2d 439) (1992).

*Judgment reversed and remanded with direction. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 11, 1997.

*Erion & Exum, Charles T. Erion*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.