## A98A1598. VANN v. THE STATE.
### (506 SE2d 173)

ANDREWS, Chief Judge.

Jacquelyn Vann appeals from the trial court's denial of her pleas in bar to prevent prosecution on a DUI accusation after she had pled guilty to reckless driving and speeding arising from the same conduct and had begun service of the sentence entered on that plea.

The record[1] reflects that, on October 16, 1997, Vann entered her guilty plea to reckless driving and speeding and the court pronounced sentence of 12 months probation, a $1,000 fine, and probation fee of $35 per month on the reckless driving plea and a small fine on the speeding plea. The plea and sentence document bears a filing stamp of October 16 and, in the lower left-hand corner, the judge's signature.

The separate Order of Probation containing the sentence, the trial judge's signature, and date of October 16, reflects it was served on Vann by a probation officer and both the officer and Vann signed the document, also on October 16, although it was not filed until November 4.

On the bottom of the plea/sentence document is the following handwritten notation: "Plea is refused by this Court and the matter is ordered to be placed on the jury trial calendar [on the DUI accusation]." It is signed by the trial judge and dated October 17.

Because the mandatory minimum sentence for DUI imposes additional penalties of 24 hours in jail, 40 hours of community service, and suspension of license, OCGA § 40-6-391 (c) (1) (A), (B) and (C), Vann argues such a prosecution is barred. We agree.

"A sentence which has been reduced to writing and signed by the judge may not be increased after the defendant has begun to serve that sentence. *Higdon v. Cooper*, 247 Ga. 746 (279 SE2d 451) (1981)." *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). This applies even if only an oral pronouncement of sentence has been made, but not yet reduced to writing. *Curry*, supra; *Harp v. State*, 228 Ga. App. 473, 474 (491 SE2d 923) (1997).

Here, the record clearly reflects a signed, filed sentence as of October 16, pursuant to which Vann met with a probation officer, thereby triggering commencement of her sentence. *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d 18) (1990); see *Harp*, supra at 475. *Castillo v. State*, 178 Ga. App. 312, 314 (5) (342 SE2d 782) (1986), relied upon by the State, is factually distinguishable because there was

---

[1] Although the State's brief contains numerous statements of fact regarding what was done in open court and the sequence of events, none of this is supported by the record before us and we cannot consider them. *Parker v. State*, 220 Ga. App. 303, 305 (3) (469 SE2d 410) (1996).

nothing in the record indicating Castillo had ever begun service of his probation, as there is here.

*Judgment reversed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 14, 1998 —
RECONSIDERATION DENIED AUGUST 26, 1998.

*Lane & Crowe, Robert L. Crowe*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.