## A06A0514. IVEY v. THE STATE.
(629 SE2d 127)

ADAMS, Judge.

James Ivey was convicted of trafficking in cocaine. On appeal he challenges his recidivist sentence on the ground that proper procedures were not followed.

Ivey was indicted on June 3, 2003 on one count of trafficking in cocaine. On February 26, 2004, the State filed a notice of aggravation and intent to seek recidivist punishment. The notice indicated that the State would seek punishment pursuant to OCGA § 17-10-7 (a), (c), and it set out information for five prior convictions, including the indictment number, the date of disposition, the venue, and the offense. But the State did not serve Ivey with certified copies of the convictions. Following a jury trial on June 28 and 29, 2004, Ivey was found guilty of trafficking in cocaine.

Immediately following the trial, the court began the sentencing hearing. The State stated that it filed a recidivist notice and recommended a 25-year sentence. Ivey objected to recidivist sentencing on the ground that he had not received a "certificate," and he asked the court to sentence him to ten years as a nonrecidivist. The court responded that it was not going to sentence Ivey as a recidivist and then sentenced Ivey to 15 years to serve 12 with the balance probated. The court explained to Ivey his right to appeal. Apparently lead counsel for the State was out of the room at this time.

When the lead prosecutor returned, the State again raised the recidivist issue and asked to tender certified copies of the prior crimes. Ivey objected on the ground that he had already been sentenced as a nonrecidivist. The parties and the court discussed the matter, and the court decided to set aside the sentence and reconvene sentencing for the following week. Ivey remained in custody.

At the subsequent hearing, the trial court overruled Ivey's objections and stated that he would be sentenced as a recidivist. The State then tendered certified copies of the prior convictions, to which Ivey objected on the ground that they were untimely.

Ivey contends the trial court erred by sentencing him as a recidivist. He argues that the court was not allowed to set aside the

sentence and resentence him to a more harsh sentence because he began to serve the nonrecidivist sentence immediately after it was pronounced. He also contends the State did not submit certified copies of the prior convictions on a timely basis.

1. An oral declaration of sentence is not binding on the court unless the defendant has begun to serve it:

> A sentence which has been reduced to writing and signed by the judge may not be increased after the defendant has begun to serve that sentence. [Cit.] This limitation on the court's sentencing authority stems from the double jeopardy provisions of our constitutions. [Cit.] An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is. [Cit.] However, the oral declaration of the sentence may not be increased after the defendant has begun to serve it. [Cit.]

(Footnote omitted.) *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). In *Curry*, the Supreme Court held that "the oral declaration as to what the sentence would be was within the breast of the court and could be increased at any time before it was formally entered by the judge or before service of the sentence was commenced." (Citations omitted.) Id. In *Harp v. State*, 228 Ga. App. 473, 474-475 (491 SE2d 923) (1997), we held that an oral sentence could not be increased after the defendant paid the fine provided in that sentence.

But here, there is no proof that Ivey began to serve his sentence between the time that the judge pronounced the oral sentence and a few moments later when he set the oral sentence aside. Ivey's counsel asserted at the second sentencing hearing that Ivey had been in jail before the trial because his pre-trial bond had been forfeited. Therefore, he argues, the moment Ivey was sentenced he began to serve his sentence because he was still in custody.

But Ivey does not offer any support for this argument, and we do not find it persuasive. Ivey's status had not changed as a result of the oral sentence for the few moments before the judge set it aside. This Court has found that a defendant has begun to serve a sentence by meeting with a probation officer, *Fowler v. State*, 188 Ga. App. 873, 875 (7) (374 SE2d 805) (1988), by filling out probation paperwork, *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d 18) (1990), and paying a fine, *Harp*, 228 Ga. App. at 474-475. There is no evidence of any such affirmative step in this case.

2. Ivey's contention that the court erred by sentencing him as a recidivist even though the State did not provide certified copies of his earlier convictions prior to trial is without merit. *Day v. State*, 188 Ga.

App. 648, 650-651 (8) (374 SE2d 87) (1988). In that case it was held that pre-trial notice of intent to use a prior conviction was sufficient even though a certified copy of the conviction was not tendered until the sentencing hearing. Id. See also *Fox v. State,* 163 Ga. App. 601, 602 (2) (295 SE2d 563) (1982).[1]

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 24, 2006 — 

*Mark A. Yurachek,* for appellant.
*Paul L. Howard, Jr., District Attorney, Ayana C. Curry, Assistant District Attorney,* for appellee.

---

[1] Under the relevant statute then in effect, evidence in aggravation could be introduced "provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial [should] be admissible." OCGA § 17-10-2 (a) (2004). This provision has been removed relative to all trials that commenced on or after July 1, 2005. OCGA § 17-10-2 (a) (Supp.).