**FIRST DIVISION**
**DOYLE, C. J.,**
**BOGGS AND MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 10, 2016**

# In the Court of Appeals of Georgia

A15A1952. PAGE v. THE STATE.                                           DO-075 C

DOYLE, Chief Judge.

Trev Baxter Page appeals from the trial court's order revoking his probation.[1] Page argues that because the conduct underlying the revocation occurred after the oral pronouncement of his sentence but prior to the written sentence being filed in the case and because he was not yet on probation when the revocation occurred, (1) his right to due process was violated when his probation was revoked, and (2) he received ineffective assistance of counsel when counsel failed to argue these positions at the revocation hearing. For the reasons that follow, we affirm.

---

[1] Page filed an application for discretionary review, which this Court granted in an order issued on May 8, 2015.

The evidence shows that on August 26, 2014, Page entered a guilty plea to burglary under the First Offender Act, OCGA § 42-8-60. Prior to entry of his plea, Page had been released on bond. On August 26, 2014, the trial court orally pronounced his sentence of 10 years with the first 12 months to serve in confinement and the remainder on probation.[2] The trial court explained to Page that pursuant to the First Offender Act, if he re-offended, he could be adjudicated guilty and re-sentenced to up to 20 years confinement. The trial court allowed Page to return home immediately after the oral pronouncement in order to seek medical treatment for an injury, but the court ordered him to report to Whitfield County Jail three days later on August 29, 2014, at 8:00 a.m. to begin his sentence of confinement, explaining that failure to appear at that time would constitute a violation of probation, and his first offender status could be revoked.

Although the trial court signed the written judgment of conviction on August 26, the order was not entered onto the docket until September 2, 2014; the order contained the sentence as pronounced on August 26, including the special condition of probation requiring that Page report to the jail at 8:00 a.m. on August 29.

_____

[2] Pursuant to OCGA § 42-8-60 (a) (1), the court withheld adjudication of guilt.

On August 29, 2014, when Page failed to appear at the jail to begin his term of confinement, the trial court issued an order for his arrest, which police served later that day.[3] When they arrived at his residence, officers encountered a person they would later learn was Page walking out from behind an apartment building holding what appeared to be a pipe normally used for smoking methamphetamine. Officers asked if the item they saw in Page's hand was a methamphetamine pipe, and he stated that it was not, that he was not smoking methamphetamine, and that he was playing basketball with his kids. Officers asked Page his identity, and after he admitted it, they explained that they were there to arrest him, and Page responded that he would not leave and ran toward the officers, striking one. Page's two children, ages nine and six, witnessed the scene, and the older child was struck in the leg with an officer's microphone, which Page had thrown. The two children asked the police to leave Page alone and were very upset during the altercation. Eventually, one of the officers deployed his taser, which was not effective, but other officers arrived and were able to subdue Page. After Page was arrested, officers discovered on his person a substance that field tested positive for methamphetamine and a spring loaded knife.

_____

[3] A warrant for arrest for Page's violation of the special condition was issued on September 2, 2014, although Page was actually booked in jail at that time.

On November 24, 2014, based on the encounter with police on August 29, the State filed a Petition for Adjudication of Guilt and Imposition of Sentence in First Offender Case against Page for violation of his probation in the burglary case by committing two counts of felony obstruction of a law enforcement officer, possession of methamphetamine, possession of drug-related objects, interference with government property, two counts of cruelty to children in the third degree, and bail jumping. He was also charged with violation of a special condition of probation by failing to report to jail at the appointed time. After the probation revocation hearing on January 13, 2015, the trial court withdrew Page's first offender status in his burglary case, found by a preponderance of the evidence that he had violated probation by committing acts that resulted in additional charges against him, and re-sentenced him to 20 years to serve 10 in confinement.

1. Page argues that because the trial court had not entered a written judgment of conviction the trial court violated his due process rights by erroneously revoking probation and resentencing him in his burglary case after he failed to appear at the jail on August 29, 2014, and was subsequently accused of additional felony charges.

Because Page failed to raise this issue in the trial court, it is waived and addressed pursuant to his ineffective assistance of counsel claim in Division 2.[4]

2. Page also argues that he received ineffective assistance of counsel because his attorney failed to argue at the revocation hearing that his probation could not be revoked when a written judgment of conviction had not yet been entered. We disagree.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. Furthermore, there is a strong presumption that the performance of counsel was within the wide range of reasonable professional lawyering, and we cannot reach a contrary conclusion unless defendant successfully rebuts the

---

[4] See *Dickey v. State*, 257 Ga. App. 190, 194-195 (3) (570 SE2d 634) (2002).

5

presumption by clear and convincing evidence. Judicial scrutiny of counsel's performance must be highly deferential.[5]

The trial court pronounced Page's sentence and signed the judgment of conviction on August 26, and therefore, when Page failed to appear at the jail on August 29, the trial court was authorized to revoke his probation.[6] To the extent that Page argues he is supported by cases stating that an order is not effective until it is entered on the docket, those cases are inapposite to the situation at hand — whether Page was required to comply with the trial court's order that he appear at the jail on a date certain — and deal with procedural issues of appeal or with juvenile court proceedings.[7] Finally, because Page was a first offender, the trial court was

---

[5] (Citation and punctuation omitted.) *Chalk v. State*, 318 Ga. App. 45, 46 (1) (733 SE2d 351) (2012), citing *Strickland v. Washington*, 466 U. S. 668, 688 (III) (104 SCt 2052, 80 LE2d 674) (1984).

[6] See *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). See also *Vann v. State*, 234 Ga. App. 130 (506 SE2d 173) (1998).

[7] See, e.g., *In re Tidwell*, 279 Ga. App. 734, 739 (1) (b) (632 SE2d 690) (2006) ("the filing with the clerk of a judgment, signed by the judge, constitutes the entry of the judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same. . . .") (punctuation omitted); *State v. Moore*, 207 Ga. App. 677, n. 1 (428 SE2d 815) (1993) ("until an order is signed by the judge (and is filed) it is ineffective for any purpose."); Uniform Juvenile Court Rule 17.1.

withholding final adjudication of guilt pending completion of the sentence, and therefore, no double jeopardy concerns existed when the court imposed a new sentence of confinement after Page committed acts leading to several additional charges while serving the August 26 sentence.[8]

Accordingly, because any objection to the revocation or motion to dismiss the revocation proceeding made by counsel on this ground would have been denied, Page has failed to establish that his attorney performed deficiently during the proceeding by failing to raise such an argument.[9]

*Judgment affirmed. Boggs and Mercier, JJ., concur fully and specially.*

---

[8] "Double jeopardy does prevent a court from imposing additional punishment where doing so would upset the defendant's legitimate 'expectation of finality in his sentence' "[but] a defendant may be resentenced after the original sentence has begun being served, so long as (a) such resentencing is allowed by law, and (b) the defendant has no reasonable expectation in the finality of the original sentence." *Stephens v. State*, 289 Ga. 758, 764 (2) (b) (2) (716 SE2d 154) (2011) (citations omitted), quoting *Wilford v. State*, 278 Ga. 718, 719-720 (606 SE2d 252) (2004), and *United States v. DiFrancesco*, 449 U. S. 117, 136 (101 SCt 426, 66 LE2d 328) (1980). See also OCGA § 42-8-60.

[9] See *Jones v. State*, 329 Ga. App. 439, 448 (4) (765 SE2d 639) (2014) (explaining that "the failure to make a meritless objection cannot be evidence of ineffective assistance.") (punctuation omitted). Cf. *Chalk*, 318 Ga. App. at 48-49 (1) (c) (holding that counsel was not ineffective for failing to file a motion to dismiss on speedy trial grounds); *Phillips v. State*, 278 Ga. App. 198, 201-203 (2) (a) (628 SE2d 631) (2006) (holding that counsel was not ineffective for failing to file a motion to dismiss based on the sufficiency of the indictment).

A15A1952. PAGE v. THE STATE.

Boggs, Judge, concurring fully and specially.

While I concur fully with the majority, I write specially to point out that the issue in Division 2 is not the date Page began to serve his sentence, nor is it the date the judgment of conviction and sentence was filed with the clerk. Rather, the event that gives rise to the trial court's authority to revoke probation for violation of a condition of the sentence is the imposition of the sentence itself, both logically and practically. And the court's sentence becomes effective once it is reduced to writing and signed by the trial judge. *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981) ("An oral declaration as to what the sentence shall be is not the sentence of the

court; the sentence signed by the judge is[ ]"), citing *Morgan v. Mount*, 195 Ga. 281 (24 SE2d 17) (1943) (legal sentence is as put in writing and signed by the judge). Indeed, once sentence is pronounced, the accused is in legal custody and not free to leave. See *Suter v. State*, 259 Ga. App. 28, 29 (1) (576 SE2d 10) (2002).

While the finality of a criminal judgment (determined by the filing of the judgment with the clerk) is required, for example, to pursue an appeal under the Appellate Practice Act[1] or to determine the term of court within which the trial court entered its judgment,[2] it does not control the effective date of the sentence. The date a final judgment of conviction and sentence becomes effective, and the date the sentence becomes effective for purposes of enforcing the punishment imposed, are independent of each other for the simple reason that the trial court must have the authority to immediately enforce what it just imposed by a written and signed order.

Page's sentence became effective on August 26 when the order was signed by the trial court. Therefore, when Page violated a special condition of that sentence

---

[1]See *Jenkins v. State*, 284 Ga. 642, 643 (1) (670 SE2d 425) (2008).

[2]*Bowen v. State*, 144 Ga. App. 329, 332-333 (241 SE2d 431) (1977) (entry of judgment is when it is filed with the clerk; trial judge has power during the term of court in which judgment is entered to revise, correct, revoke, or modify that judgment).

three days later (and before he even began to serve time under the sentence), the trial court was within its authority to revoke his probation for such violation. It is for this reason that Page's ineffective assistance claim is without merit, as he has not shown that his trial counsel performed deficiently in failing to attack the revocation on this ground.

I am authorized to state that Judge Mercier joins in this special concurrence.