BOGGS, Judge,
concurring fully and specially.
While I concur fully with the majority, I write specially to point out that the issue in Division 2 is not the date Page began to serve his sentence, nor is it the date the judgment of conviction and sentence was filed with the clerk. Rather, the event that gives rise to the trial court’s authority to revoke probation for violation of a condition of the sentence is the imposition of the sentence itself, both logically and practically. And the court’s sentence becomes effective once it is reduced to writing and signed by the trial judge. Curry v. State, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981) (“An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is[ ]”), citing Morgan v. Mount, 195 Ga. 281 (24 SE2d 17) (1943) (legal sentence is as put in writing and signed by the judge). Indeed, once sentence is pronounced, the accused is in legal custody and not free to leave. See Suter v. State, 259 Ga. App. 28, 29 (1) (576 SE2d 10) (2002).
While the finality of a criminal judgment (determined by the filing of the judgment with the clerk) is required, for example, to pursue an appeal under the Appellate Practice Act[10] or to determine the term of court within which the trial court entered its judgment,[11] it does not control the effective date of the sentence. The date a final judgment of conviction and sentence becomes effective, and the date the sentence becomes effective for purposes of enforcing the punishment imposed, are independent of each other for the simple reason that the trial court must have the authority to immediately enforce what it just imposed by a written and signed order.
Page’s sentence became effective on August 26 when the order was signed by the trial court. Therefore, when Page violated a special condition of that sentence three days later (and before he even began *126 to serve time under the sentence), the trial court was within its authority to revoke his probation for such violation. It is for this reason that Page’s ineffective assistance claim is without merit, as he has not shown that his trial counsel performed deficiently in failing to attack the revocation on this ground.
Decided March 10, 2016.
Jerry W. Moncus, for appellant.
Herbert M. Poston, Jr., District Attorney, B. Scott Minter, Assistant District Attorney, for appellee.
I am authorized to state that Judge Mercier joins in this special concurrence.

 See Jenkins v. State, 284 Ga. 642, 643 (1) (670 SE2d 425) (2008).

 Bowen v. State, 144 Ga. App. 329, 332-333 (241 SE2d 431) (1977) (holding that entry of judgment is when it is filed with the clerk; trial judge has power during the term of court in which judgment is entered to revise, correct, revoke, or modify that judgment).