**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**June 18, 2020**

# In the Court of Appeals of Georgia

A20A0747. CALDWELL v. THE STATE.

MILLER, Presiding Judge.

Frederic Caldwell pled guilty to several offenses in two separate cases. In case number 19SC167808, the trial court sentenced Caldwell as a recidivist and imposed a total sentence of 35 years, with the first 20 years to be served in prison, 10 years to be served on probation, and a separate 5-year suspended prison sentence.[1] Caldwell appeals from this sentence, arguing that the trial court erred by sentencing him as a recidivist because he had already begun to serve the trial court's previous oral sentence which did not impose a recidivist sentence, and therefore the trial court

---

[1] In case number 19SC168326, the trial court imposed a 10-year probation sentence consecutive to the first case and a 5-year suspended prison sentence. The trial court, however, did not sentence Caldwell as a recidivist in that case and Caldwell does not challenge that sentence in this appeal.

impermissibly increased the prior oral sentence by imposing a recidivist sentence. For the reasons that follow, we reverse.

> In the context of a criminal conviction, a sentence is void if the court imposes punishment that the law does not allow. And this is true even for defendants who plead guilty because a defendant who knowingly enters into a plea agreement does not waive the right to challenge an illegal and void sentence. Importantly, whether a defendant was properly sentenced as a recidivist under OCGA § 17-10-7 is subject to de novo review.

(Citation omitted.) *Nordahl v. State*, 344 Ga. App. 686, 688 (811 SE2d 465) (2018).

The record shows that a Fulton County grand jury rendered two separate indictments against Caldwell for various offenses involving Tiyonna Porter, his former girlfriend. According to the State's factual proffer in case number 19SC168326, on April 28, 2019, officers from the Atlanta Police Department were dispatched to Porter's home. Porter informed law enforcement that, after waking up, she discovered that the power in her apartment had been turned off. After Porter went outside to turn the power back on, Caldwell drove into her parking lot, and she had to "jump out of the way" to avoid being hit by Caldwell's vehicle. Caldwell then exited his vehicle, approached Porter, struck her repeatedly, and dragged her across the pavement. Caldwell also took Porter's cell phone, "smashed" it on the ground,

2

and broke it. Porter escaped and ran into her apartment. In case number 19SC167808, on May 3, 2019, Porter and her infant daughter were traveling in a Lyft vehicle on the way back to her home, when she noticed that Caldwell was following them. Porter advised the Lyft driver not to stop at her apartment, and she called 911 to report that Caldwell was following her. Caldwell then pulled in front of the Lyft vehicle and blocked it from moving. Caldwell exited his vehicle, approached the Lyft vehicle, opened a door, and shot Porter multiple times as she sat in the backseat with her daughter. In case number 19SC168326, Caldwell was charged with aggravated assault with a deadly weapon (family violence) (OCGA § 16-5-21), aggravated assault — vehicle into person (family violence) (OCGA § 16-5-21), possession of a firearm during the commission of a felony (OCGA § 16-11-106), criminal damage to property in the second degree (OCGA § 16-7-23), battery (family violence) (OCGA § 16-5-23.1 (F) (1)), and possession of a firearm by a convicted felon (OCGA § 16-11-131 (B)). In indictment number 19SC167808, Caldwell was charged with aggravated assault (OCGA § 16-5-21), aggravated assault with a deadly weapon (OCGA § 16-5-21), aggravated battery (OCGA § 16-5-24), criminal damage to property in the first degree (OCGA § 16-7-22), possession of a firearm during the commission of a felony (OCGA § 16-11-106), cruelty to children in the third degree

3

(OCGA § 16-5-70), reckless conduct (OCGA § 16-5-60 (B)), and possession of a firearm by a convicted felon (OCGA § 16-11-131 (B)).

The State subsequently filed its notice of intent to seek a recidivist sentence pursuant to OCGA § 17-10-7 in both cases. Caldwell later entered a non-negotiated guilty plea to all of the offenses in both cases.[2] Following a hearing, the trial court adopted the State's recommendation and orally sentenced Caldwell to 20 years in prison, followed by 10 years probation and a 5-year suspended sentence for case 19SC167808. The trial court did not impose a recidivist sentence, nor did it execute a sentencing sheet denoting that Caldwell was sentenced as a recidivist at that time.

The trial court held another hearing five days later. Caldwell objected to being sentenced as a recidivist and argued that the trial court would improperly increase the oral sentence because he had already begun to serve that sentence. The trial court admitted the copies of Caldwell's prior convictions into evidence and sentenced Caldwell as a recidivist pursuant to OCGA § 17-10-7 (a) and (c) in case number 19SC167808. This appeal followed.

---

[2] The State dismissed the aggravated assault — vehicle into person (OCGA § 16-5-21) offense in 19SC168326.

In his sole enumeration of error, Caldwell argues that the trial court improperly increased his sentence by imposing a recidivist sentence under OCGA § 17-10-7. Specifically, Caldwell argues that his punishment was improperly increased because the sentence made him ineligible for parole under OCGA § 17-10-7 (c),[3] and that he had already begun to serve the trial court's prior oral sentence. We agree.

In general, "[a]n oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is." (Citation omitted.) *Ivey v State*, 278 Ga. App. 463, 464 (1) (629 SE2d 127) (2006). Still, Caldwell is correct that "[an] oral declaration of [a] sentence may not be increased after the defendant has begun to serve it." (Citation omitted.) Id. Indeed, this Court has stated that

---

[3] OCGA § 17-10-7 (c) states that

any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

[j]udgments of a court are within its breast until the end of the term, and the sentence may be amended at any time during the term and before execution has begun. However, once a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition against double punishment or jeopardy.

(Citations and punctuation omitted.) *Fowler v. State*, 188 Ga. App. 873, 875 (7) (374 SE2d 805) (1988). This Court has noted that a defendant has begun to serve a sentence where there is evidence that the defendant met with a probation officer, filled out probation paperwork, or payed a fine. *Ivey*, supra, 278 Ga. App. at 464 (1).

Here, the record shows that the trial court first orally sentenced Caldwell to 20 years in prison, followed by 10 years probation and a 5-year suspended sentence in case number 19SC167808. At the second hearing, a probation officer testified that she had already met with Caldwell after the trial court's oral sentence, and that she had Caldwell fill out paperwork.[4] See *Ivey*, supra, 278 Ga. App. at 464 (1). Nevertheless, the trial court imposed a recidivist designation at the conclusion of the second hearing which made Caldwell ineligible for parole, and such designation constituted added

---

[4] Based on this testimony, we reject the State's argument that there was no evidence that Caldwell began to serve his sentence.

6

punishment. While this designation did not lengthen the sentence itself, it constituted added punishment. See *Blackwell v. State*, 302 Ga. 820, 831 (4) (809 SE2d 727) (2018) (noting that parole ineligibility is a "drastic penalty"). Because the recidivist designation constituted added punishment from the prior oral sentence which Caldwell had already begun to serve, the trial court improperly increased the prior punishment by later imposing a recidivist sentence. See *Harp v. State*, 228 Ga. App. 473, 474 (491 SE2d 923) (1997) (holding that the trial court improperly increased the defendant's oral sentence where the defendant first received a suspended sentenced conditioned upon payment of a fine, and was subsequently sentenced to probation including payment of the fine).[5] We therefore reverse the sentence entered on October 3, 2019, "and remand with direction that a sentence be entered which does not reflect an increase in punishment from the oral declaration of sentence issued on [September 27, 2019]. *Harp*, supra, 228 Ga. App. at 474.

*Judgment reversed and case remanded with direction. Mercier and Coomer, JJ., concur*.

---

[5] The State's reliance on *Thomas v. State*, 310 Ga. App. 404 (714 SE2d 37) (2011) (physical precedent only) is misplaced as that case did not involve an issue involving a trial court's oral declaration of sentence.

7