## 70400. FREDERICKS v. THE STATE.
### (335 SE2d 154)

McMURRAY, Presiding Judge.

The defendant was charged by accusation with driving a motor vehicle while under the influence of alcohol. The evidence at trial showed that on November 4, 1983, Officer Burt Van Nouhuys of the City of Marietta Police Department observed the defendant driving a 1974 Ford pickup truck eastbound on Roswell Street in Marietta, Georgia. The defendant was weaving in the road, to an extent that he was hitting the curb. The officer turned on his "blue lights" and siren and the defendant drove into the parking lot of a convenience store. The officer observed the defendant get out of his truck and stagger toward the police car. At this point, the officer could notice a very strong odor of alcohol on the defendant's breath. The officer asked the defendant how much he had to drink and the defendant said that he had consumed about five beers approximately two hours earlier. Next, the officer conducted several field sobriety tests, all of which the defendant failed. After failing the field sobriety tests, the defendant was arrested for "driving under the influence," advised of his implied consent rights, and asked to submit to a State administered chemical blood test. See OCGA §§ 40-5-55 and 40-6-392. The defendant refused to submit to the blood test.

In his defense, the defendant testified that he and some friends only had a couple of pitchers of beer around two o'clock that afternoon. The defendant said the reason he may have swerved in the roadway is because he was eating a cheeseburger while driving. The defendant also testified that he failed the alphabetical sobriety test

because he was chewing on a piece of cheeseburger while trying to recite the alphabet. (The defendant said he hesitated because he swallowed when he got to the letter Q.) Finally, the defendant testified that he was not a "less safe" driver due to his earlier consumption of alcohol. In contrast, however, Officer Van Nouhuys testified that in his opinion the defendant was guilty of driving while under the influence of alcohol and was a "less safe driver" because the defendant failed all of the field sobriety tests.

The defendant moved for a directed verdict at the close of the State's evidence. The trial court denied the defendant's motion. The jury found the defendant guilty of driving while under the influence of alcohol and he now appeals. *Held*:

1. In his first enumeration of error the defendant argues that the trial court erred in denying his motion for a directed verdict because the evidence was not sufficient to convict. We do not agree. "[A] person is under the influence of intoxicating liquor when it appears that it is less safe for such person to operate a motor vehicle than it would be if he were not so affected." *Cook v. State*, 220 Ga. 463, 465-466 (2) (139 SE2d 383); *Cargile v. State*, 244 Ga. 871, 873-874 (1) (262 SE2d 87). The evidence which authorized the jury to find that the defendant was a "less safe" driver due to his consumption of alcohol was as follows: (1) The defendant was observed weaving in the road, hitting the curb; (2) the defendant had a strong odor of alcohol on his breath; (3) the defendant told the police officer that he had five beers approximately two hours before his arrest; (4) the defendant testified that he and some friends consumed "a couple of pitchers of beer" earlier that afternoon; (5) the defendant failed all of the field sobriety tests conducted by Officer Van Nouhuys; and, (6) the defendant refused to submit to a State-administered blood test. In the case sub judice, we find that the evidence presented at trial was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offense of driving while under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jones v. State*, 174 Ga. App. 783, 785 (2) (331 SE2d 633). The trial court did not err in denying the defendant's motion for directed verdict. *Humphrey v. State*, 252 Ga. 525, 526 (1) (314 SE2d 436).

2. Next, the defendant argues the general grounds contending that his explanation of the State's circumstantial evidence presented a reasonable hypothesis of his innocence, therefore, requiring reversal of his conviction. See OCGA § 24-4-6. This argument is without merit. "It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. *Stephens v. State*, 127 Ga. App. 416 (192 SE2d 870) (1972). It is not necessary that the circumstantial evidence exclude *every* reasonable inference or hypothesis except guilt of an accused, but only *reasonable* infer-

ences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. The jury itself decides whether every reasonable hypothesis except that of guilt of the defendant has been excluded. *Rogers v. State*, 139 Ga. App. 656, 659 (229 SE2d 132) (1976). The jury was in the best position to judge the credibility of the witnesses. ' "Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find the evidence, though circumstantial was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." *Harris v. State*, 236 Ga. 242, 245 (223 SE2d 643).' *Gee v. State*, 146 Ga. App. 528 (246 SE2d 720) (1978)." *Lewis v. State*, 149 Ga. App. 181 (1), 182 (254 SE2d 142).

In the case sub judice, the jury rejected the defendant's explanation of the events which led Officer Van Nouhuys to believe the defendant was driving while under the influence of alcohol. Instead, the jury concluded that the defendant was a "less safe" driver as a result of the consumption of alcohol. In light of our holding in Division 1 of this opinion we will not disturb the jury's finding.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 16, 1985.

*Larry W. Yarbrough*, for appellant.
*Patrick H. Head, Solicitor, Jane J. Leib, Assistant Solicitor*, for appellee.