## A02A1532. WORTHINGTON v. THE STATE.
### (570 SE2d 85)

MILLER, Judge.

Following a jury trial, Stacy Franklin Worthington was convicted on one count of committing terroristic threats. In his sole enumeration of error on appeal, Worthington contends that the trial court erred in denying his motion for a directed verdict of acquittal, arguing that the evidence was insufficient to sustain his conviction because the victim did not testify at trial. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Worthington's ex-wife was playing a board game with the victim and two others at a friend's apartment. While playing the game, the ex-wife's pager rang several times. In an effort to stop the calls, the victim called the number on the pager, and Worthington answered the phone. The conversation between the victim and Worthington took place on speaker phone, and the ex-wife and her companions were able to identify Worthington as the man with whom the victim was speaking based on his voice. During the victim's conversation with Worthington, Worthington said, "I'll kill you, put you in a pine box and ship you back to wherever you came from." Worthington also said, "I will kill you, I'll put a bullet in your head. . . ."

Less than 20 minutes after the conversation ended, the owner of the apartment and his guests saw Worthington driving slowly through the apartment complex parking lot. The apartment owner saw Worthington stop at his apartment, noticed that Worthington had a gun, and then called 911. The police found Worthington at a nearby business and observed that Worthington had two loaded handguns with him.

After learning that the victim was unavailable to testify at trial, Worthington moved to dismiss the indictment and moved for a directed verdict of acquittal. The court denied his motions, indicating that the victim was not required to testify for there to be sufficient evidence for the jury to consider the issue of whether Worthington communicated terroristic threats. The jury found Worthington guilty, and he now appeals.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001). We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged

offense beyond a reasonable doubt. Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person would be guilty of committing a terroristic threat "when he threatens to commit any crime of violence or to burn or damage property with the purpose of terrorizing another. . . ." OCGA § 16-11-37 (a). The statute states further that "[n]o person shall be convicted [of committing a terroristic threat based] on the uncorroborated testimony of the party to whom the threat is communicated." Id.

Worthington argues that the evidence was insufficient to sustain his conviction because, in light of the victim's failure to testify, there was no "testimony" for other witnesses to corroborate, which he contends negates the possibility of the evidence being sufficient to sustain a conviction for terroristic threats. However, Worthington's argument is without merit, as there is no requirement that the victim testify for there to be sufficient evidence to sustain a conviction for terroristic threats. See *Warnock v. State*, 195 Ga. App. 537, 540 (4) (394 SE2d 382) (1990) (although the terroristic threats statute requires that the victim's testimony be corroborated "if the State offers only the testimony of the party to whom the threat is communicated . . . [, the statute] does not require that party to testify and it does not require corroboration of the testimony of a non-party").

Here, several witnesses actually heard Worthington make the threats to the victim, and they identified Worthington at trial as the person who made the threats. Worthington appeared with a gun in the parking lot outside of the apartment where the victim was located, which the jury could construe as additional circumstantial evidence that Worthington made the threats with the purpose of terrorizing the victim. See, e.g., *Gay v. State*, 179 Ga. App. 430, 432 (2) (346 SE2d 877) (1986) (terroristic threats might be shown from defendant threatening to get a gun and shoot an officer's car, and then turning around as if to obtain gun). The evidence was sufficient to sustain the conviction, and the trial court therefore did not err in denying Worthington's motion for a directed verdict.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 8, 2002.

*Stephen F. Lanier*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.