## A02A2464. SUTER v. THE STATE.
### (576 SE2d 10)

BLACKBURN, Chief Judge.

Bryce Suter appeals his conviction by a jury of one count of escape, arguing that the escape statute, OCGA § 16-10-52, is inapplicable to the facts of his case, and that the trial court erred in instructing the jury. For the reasons set forth below, we affirm.

On June 20, 2001, Suter entered a plea of guilty to robbery and two violations of the Georgia Controlled Substances Act. Suter received a split sentence of fifteen years, with three years to be served in confinement and the remaining twelve years served on probation. After sentence was pronounced by the trial court, Suter requested that he be allowed a few days to take care of personal matters before being taken to the county jail. The trial judge granted two days release, requiring that he report to the county jail by 6:00 p.m. on June 22, 2001.

On June 22, 2001, as he was being driven to the county jail by his wife, Suter jumped from the car and ran. He was apprehended

several months later. Suter was indicted on one count of escape, pursuant to OCGA § 16-10-52, and, on June 17, 2002, found guilty of felony escape.

1. In his first enumeration of error, Suter argues that the trial court erred as a matter of law in failing to grant a directed verdict of acquittal because OCGA § 16-10-52 is inapplicable to the facts of his case. Suter points out that he was charged in the indictment with violating OCGA § 16-10-52 (a) (5). That statutory subsection provides that a person commits the offense of escape when he "[i]ntentionally fails to return as instructed to lawful custody or lawful confinement or to any residential facility operated by the Georgia Department of Corrections after having been released on the condition that he or she will so return." Suter argues that under the statute a person must first be in actual confinement or custody before he can be released on the condition that he return to lawful custody or confinement; thus, because he was not in actual custody or confinement before he was allowed to tend to his affairs, he could not return to custody or confinement and OCGA § 16-10-52 (a) (5) is inapplicable. We disagree.

Suter's request for release was not granted until after the trial judge pronounced sentence upon him. As soon as the sentence was pronounced, Suter was in legal custody and was not free to leave that custody. *Roberts v. Gordon.*[1] Had he not requested release, he would have begun serving his sentence immediately. In granting Suter's request for release, the trial judge released Suter from lawful custody; in failing to return to lawful custody, Suter committed the crime of escape as set forth in OCGA § 16-10-52 (a) (5).

2. Suter next argues that the trial judge erred as a matter of law in charging, pursuant to OCGA § 17-10-9.1, that when a defendant pleads guilty to an offense and is sentenced to a term of confinement, the sentencing judge may release the defendant pending the defendant's surrendering to the county jail at a later date and time certain. He maintains that the trial judge, in so charging, instructed the jury that the court was legally authorized to do that which it was not in fact authorized to do since OCGA § 17-10-9.1 (a) (5) makes a defendant convicted of robbery ineligible for such release, and he was convicted of robbery.

"On appellate review a challenged jury charge must be considered as a whole, rather than in isolated segments." *Whitehead v. Cogar.*[2] A review of the trial transcript reveals that the trial court properly instructed the jury on the offense of escape. While the lan-

---

[1] *Roberts v. Gordon*, 86 Ga. 386, 387 (12 SE 648) (1890).
[2] *Whitehead v. Cogar*, 180 Ga. App. 812, 813 (1) (350 SE2d 821) (1986).

guage to which Suter objects should not have been made part of the charge, it is mere surplusage and "the charge as a whole cannot reasonably be said to have misled the jury as to the appropriate principle of law applicable to the case." *Haynes v. Hoffman.*[3] "Moreover, appellant has failed to show what harm he suffered as the result of the giving of this particular jury instruction. To warrant reversal, the alleged error must be harmful." *Whitehead*, supra at 813 (1).

3. In his final enumeration of error, Suter argues that the trial court erred in failing to give his requested jury instructions on the elements of "failing to return" and "custody" contained within OCGA § 16-10-52 (a) (5). Suter's assertion of error derives from his construction of the statute, discussed above, which renders the statute inapplicable to the facts of his case. Given our holding in Division 1 that Suter was properly convicted under OCGA § 16-10-52 (a) (5), it follows that this enumeration of error is without merit.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED DECEMBER 4, 2002 —
RECONSIDERATION DENIED DECEMBER 20, 2002.

*Christopher G. Paul*, for appellant.

*T. Joseph Campbell, District Attorney, Minerva S. Cansino, Assistant District Attorney*, for appellee.

---

[3] *Haynes v. Hoffman*, 164 Ga. App. 236, 238 (2) (296 SE2d 216) (1982).