### A07A1019. MASSA v. THE STATE.
(651 SE2d 806)

JOHNSON, Presiding Judge.

A jury found Michael Massa guilty of driving under the influence of alcohol to the extent he was a less safe driver. He appeals from the conviction, challenging the sufficiency of the evidence to support the verdict, and contending the trial court erred in denying his motion for a directed verdict of acquittal and in giving certain charges to the jury. The arguments present no basis for reversal, so we affirm.

1. The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction.[1] On appeal, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[2] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3]

So viewed, the evidence shows that a police officer was driving on the interstate highway around midnight when he noticed a pickup truck stopped about 40 feet off the highway's shoulder near a wooded area. He stopped his patrol car and walked over to investigate. He shined his flashlight at the car, and shouted to the driver. The driver started the car and began to drive away. The driver made two attempts to drive up the embankment, but was unsuccessful. The officer drew his gun, and the driver stopped the car. At the officer's command, the driver got out of the car and laid on the ground.

When other officers arrived on the scene, the officer made contact with the driver. The driver was identified as Massa. The officer noticed an odor of alcohol about Massa, and saw that Massa's eyes were bloodshot, glassy, and watery, and his face was flushed. Massa's speech was slurred and his reactions were slow. He was barely able to stand on his own, and the officer had to help him walk to the patrol car. When asked if he had been drinking, Massa said he had drunk a bottle of wine. The officer attempted to administer field sobriety tests,

---

[1] *Worthington v. State*, 257 Ga. App. 10 (570 SE2d 85) (2002).

[2] Id.

[3] Id. at 10-11.

but Massa refused to submit to any tests. The officer noted that the ground was dry at the time of the encounter, and the tow truck driver had no difficulty towing Massa's truck from the grass back onto the roadway. A videotape of the roadside encounter was shown to the jury. The officer also testified that there were tire marks leading from the highway to Massa's truck. Massa refused to submit to a test of his breath at the police station.

Massa gave a different account of what happened, testifying that he only drank two glasses of wine, that he pulled off the highway because he had missed his exit and needed to check the directions. He added that he drove onto the grass because the shoulder was not wide enough to park upon safely. He said the embankment was not steep, but that he was unable to drive back onto the highway because the grass was damp from dew. Of course, this Court does not weigh the evidence or determine witness credibility.[4]

A defendant's refusal to submit to field sobriety tests is admissible as circumstantial evidence of intoxication and together with other evidence would support an inference that he was an impaired driver.[5] We note that

> a conviction under OCGA § 40-6-391 (a) (1) does not require proof that a person actually committed an unsafe act while driving; it only requires sufficient evidence to authorize a finding, beyond a reasonable doubt, that the defendant was operating or in physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for him to drive. Circumstantial evidence may be sufficient to meet this burden of proof.[6]

A person commits the offense of driving under the influence of alcohol (as charged here) when it appears that it is less safe for him to operate a motor vehicle than it would be if he were not so affected.[7] The evidence presented in this case was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.[8] Accordingly, the trial court did not err in denying Massa's motion for a directed verdict of acquittal.[9]

2. Massa contends the trial court erred in charging the jury on the purpose and reliability of horizontal gaze nystagmus (HGN) tests

---

[4] *Mullady v. State*, 270 Ga. App. 444 (606 SE2d 645) (2004).

[5] *Hoffman v. State*, 275 Ga. App. 356, 358 (1) (620 SE2d 598) (2005).

[6] (Punctuation and footnote omitted.) Id.

[7] *Fredericks v. State*, 176 Ga. App. 40, 41 (1) (335 SE2d 154) (1985).

[8] See *Hoffman*, supra.

[9] See *Fredericks*, supra.

when, in this case, no HGN test was given. He concedes that the charge was a correct statement of the law, but urges that the charge was improper because it was not authorized by the evidence.

It is true that a jury charge must be adjusted to the evidence, apt, and a correct statement of the applicable law.[10] However, in order to have reversible error, there must be harm as well as error.[11] Assuming it was error to include an instruction on HGN tests when no such test was administered, it is not likely that the error contributed to the judgment in this case. Thus, reversal is not required.[12]

3. Massa also contends the trial court erred in giving the following charge:

> The Defendant's refusal to submit to voluntary field sobriety evaluations does not support an inference that the Defendant was less safe to drive a motor vehicle. The results of field sobriety tests, *however*, in conjunction with other factors, including the physical appearance of the driver, red or glassy eyes, an unsteady stance, the presence of the odor of alcohol, *the existence of an accident*, and any inculpatory statements made by the driver or witnesses may form an appropriate basis for evaluation by an officer and ultimately a jury as to whether a driver was impaired by alcohol to the extent that it was less safe for him to drive.

(Emphasis supplied.)

Massa argues that the word "however" nullified the first part of the charge, that the charge as given implies that field sobriety tests were conducted in this case when they were not, and that the "existence of an accident" language suggests that there was an accident in this case, though there was not. While the language to which Massa objects perhaps should not have been made part of the charge, it is mere surplusage and "the charge as a whole cannot reasonably be said to have misled the jury as to the appropriate principle of law applicable to the case."[13] Moreover, Massa has failed to show what harm he suffered as the result of the giving of this particular jury instruction.[14] Thus, as with the charge challenged in Division 2, reversal is not warranted.[15]

---

[10] *Marryott v. State*, 263 Ga. App. 65, 69 (5) (587 SE2d 217) (2003).

[11] *Wicks v. State*, 278 Ga. 550, 553 (5) (604 SE2d 768) (2004).

[12] See *Ross v. State*, 192 Ga. App. 850, 851 (2) (386 SE2d 721) (1989).

[13] (Citation, punctuation and footnote omitted.) *Suter v. State*, 259 Ga. App. 28, 29-30 (2) (576 SE2d 10) (2002).

[14] See id. at 30.

[15] See generally id.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 11, 2007.

*Alan Mullinax, Robert L. Waller III, Stephen W. Adkins, Jr.*, for appellant.

*Shawn E. LaGrua, Solicitor-General, Paige E. Boorman, Mirna G. Andrews, Assistant Solicitors-General*, for appellee.