A07A1497. RYLEE v. THE STATE.
(655 SE2d 239)

ADAMS, Judge.

In this out-of-time appeal from his conviction for driving under the influence (DUI) and other crimes, Ralph Rylee argues that the trial court erred when it admitted results of a hospital blood test and when it charged the jury on drug as well as alcohol use, and that trial counsel was ineffective concerning that charge. Rylee also asserts

that the evidence was insufficient concerning his conviction for using a license plate from another vehicle and that the sentence on that count violated the rule of lenity. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on November 20, 2003, an officer with the Gwinnett County Police Department was called to the scene of a one-car collision. The dispatcher told the officer that the driver had fled on foot. When the officer arrived, he saw a 1989 Mercury driven into a power pole. The car's driver's side windshield was smashed, with blood, gray human hair, and fragments of a pair of eyeglasses embedded in it. The passenger compartment was bloody, and a half-full pint of Jim Beam whiskey was lying on the seat console. The officer soon found Rylee lying on his stomach about a half-mile from the crash. Rylee's breath smelled strongly of alcohol, and small pieces of glass were embedded in his face. He was bleeding and incoherent.

As paramedics treated Rylee, the officer read him the implied consent notice but received no response. Rylee was soon transported to the emergency room, where the officer again read the implied consent notice. Rylee then refused to take state-administered chemical tests. When Rylee was released from triage, he was arrested for DUI.

A jury found Rylee guilty of less safe, unlawful concentration, combined influence, and controlled substance DUI (Counts 1-4), using a tag from another vehicle (Count 6), failure to carry insurance and proof (Counts 7 and 8), open container (Count 9), and failure to maintain lane (Count 11). The trial court convicted and sentenced Rylee only under Counts 4, 6, 8, and 11. His motion for new trial was denied.

1. Rylee first argues that the trial court erred when it admitted the results of blood tests taken in the course of his hospital treatment and later obtained pursuant to a search warrant.

The Supreme Court of Georgia has held that a defendant's rights are not violated "when the State obtains private medical records through a search warrant without notice to the defendant or a hearing on the request." *King v. State*, 276 Ga. 126 (577 SE2d 764) (2003). "[T]he limitations on the State's ability to obtain medical records through a search warrant is narrowly tailored to satisfy the

State's compelling interests," and there is no need to "strike a new balance" between these interests and Rylee's privacy concerns. (Citation and punctuation omitted.) Id. at 128, 129.

Rylee insists that *King* does not apply because the right to refuse a state-administered test is granted by OCGA § 40-5-67.1, and is not a matter of federal or state constitutional law. But Rylee's exercise of his statutory right to refuse a state-administered test is entirely independent of the State's prerogative, pursuant to a warrant obtained in accordance with the Fourth Amendment, to obtain other evidence of a crime — here, the results of a blood test administered in the course of Rylee's medical treatment. See *King v. State*, 276 Ga. 126; compare *State v. Collier*, 279 Ga. 316 (612 SE2d 281) (2005) (affirming suppression of test results where police threatened to obtain a search warrant and to forcibly use a catheter if Collier did not consent to a state-administered test). This contention lacks merit.

2. Rylee next contends that the trial court improperly instructed the jury on each of the elements of OCGA § 40-6-391, including intoxication by toxic vapors, and that trial counsel was ineffective when he failed to object to the charge as given. We disagree.

(a) The charge stated the law accurately, and the complained-of language concerning "toxic vapors" was "mere surplusage." See *Massa v. State*, 287 Ga. App. 494, 496 (3) (651 SE2d 806) (2007). Under these circumstances, we cannot say that the charge "misled the jury as to the appropriate principle of law applicable to the case." Id. (affirming DUI conviction where trial court delivered unwarranted charge on HGN test and included unnecessary language on "existence of an accident"). Nor has Rylee shown that he was harmed by the instruction, since he was convicted and sentenced only for driving under the influence of a controlled substance. "As merger renders a conviction void," *Duncan v. State*, 269 Ga. App. 4, 6 (1) (602 SE2d 908) (2004), any error as to that count was harmless. See *Harrelson v. State*, 287 Ga. App. 664, 667, n. 4 (653 SE2d 98) (2007) (error asserted as to per se DUI vehicular homicide count was harmless when that count merged into another vehicular homicide count).

(b) Given that the charge was adequate, counsel could not have been ineffective when he failed to object to it. *Moore v. State*, 278 Ga. 397, 401 (2) (e) (603 SE2d 228) (2004) (failure to make a meritless objection cannot amount to ineffective assistance).

(c) We have reviewed the record, and also find that the evidence supported Rylee's conviction as to the DUI count. See OCGA § 40-6-391 (a) (6) (defining controlled substance DUI); *Jackson v. Virginia*, 443 U. S. 307.

3. Finally, Rylee contends that (a) the evidence was insufficient to support his conviction for using a license plate from another vehicle and (b) his sentence is void under the rule of lenity. Again, we disagree.

(a) Rylee was convicted under OCGA § 40-2-5 (a) (3), which provides that it is illegal "[t]o buy, receive, use, or possess for use on a motor vehicle any license plate not issued for use on such motor vehicle." OCGA § 40-2-5 (b) goes on to provide that "[a]ny person who shall *knowingly* violate any provision of subsection (a) of this Code section shall be guilty of a misdemeanor of a high and aggravated nature. . . ." (Emphasis supplied.)

Rylee testified that he had thought it legal to use the Ford plate on the Mercury and that he had planned to transfer the plate from the former to the latter. It was for the jury to accept or reject Rylee's explanations as to whether his improper use of the Ford plate on the Mercury was knowing. See *Rogers v. State*, 185 Ga. App. 211, 213 (2) (363 SE2d 846) (1987).

(b) Rylee correctly points out that he might have been charged under OCGA § 40-2-7, which provides in relevant part that "[a] person who *removes* a license plate from a vehicle or *affixes* to a vehicle a license plate not authorized by law for use on it, in either case *with intent to conceal or misrepresent the identity of the vehicle or its owner*, is guilty of a misdemeanor." (Emphasis supplied.) He was not so charged, however. Instead, the State obtained a conviction and sentence under OCGA § 40-2-5 for the distinct offense of knowingly using an improper license plate on a motor vehicle — an offense as to which the State need not prove an intent to conceal or misrepresent the identity of the vehicle or its owner. Thus we have no occasion to apply the rule of lenity. See *Banta v. State*, 281 Ga. 615, 618 (2) (642 SE2d 51) (2007) (rule of lenity does not apply to violations of two separate statutes which "do not address the same criminal conduct"; rule only applies "following [a] conviction of multiple crimes based upon the same act").

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 13, 2007 —
RECONSIDERATION DENIED DECEMBER 6, 2007 — ▮

*Harrison & Harrison, Samuel H. Harrison*, for appellant.
*Gerald N. Blaney, Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellee.