## A09A0613. CHRISTIAN v. THE STATE.

(677 SE2d 767)

JOHNSON, Presiding Judge.

A jury found Matthew Ian Christian guilty of driving without a valid license after being declared a habitual violator and driving under the influence of alcohol to the extent it was less safe for him to drive ("DUI less safe").[1] Christian appeals, claiming that the trial court erred in denying his motion for a directed verdict as to the habitual violator count and that he received ineffective assistance of counsel. We agree that the trial court erred in denying Christian's motion for a directed verdict but disagree as to his claim of ineffective assistance. As a result, we reverse his conviction for driving without a license in violation of the habitual violator statute and affirm his conviction for DUI less safe.

1. The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction.[2] On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[3] Moreover, we do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[4]

So viewed, the evidence showed that at approximately 2:30 a.m. on November 9, 2004, Christian was driving his car in the parking lot of an Athens apartment complex. Christian was following the vehicle in front of him so closely that the occupants of that vehicle could not see his headlights, and as that vehicle attempted to pull into a parking space, Christian's car collided with it.

The driver of the other vehicle smelled the odor of alcohol as soon as Christian stepped out of his car and noticed that Christian's speech was slurred. The police officer who responded to the accident also noted the odor of alcohol on Christian's breath, and Christian admitted to drinking two beers earlier in the evening.

The police officer asked Christian to undertake field sobriety tests, and he testified that Christian exhibited two clues for impairment in the "walk and turn" test in that he lost his balance during the walk and failed to take the instructed number of steps both prior to and after the turn. The jury was able to view a videotape of

---

[1] See OCGA §§ 40-6-391 (a) (1) and 40-5-58 (c) (1), respectively.

[2] *Massa v. State*, 287 Ga. App. 494 (1) (651 SE2d 806) (2007).

[3] Id.

[4] Id.

Christian's performance on the test that was recorded by the police officer's in-car camera. The police officer asked Christian to perform the "one-legged stand" test, but Christian told the officer "that he couldn't do this sober." The police officer also asked Christian to submit to an alco-sensor field test and, after reading Christian the implied consent notice, he asked him to submit to a state-administered breath test. Christian refused to take either of the breath tests.

Christian claims that the trial court erred in denying his motion for a directed verdict as to the charge that he

> did operate a motor vehicle after having received notice of the revocation of his license to operate a motor vehicle because of his having been declared a habitual violator by the Department of Public Safety of Georgia and his not having thereafter obtained a valid driver's license, in violation of OCGA § 40-5-58.

While such an act is criminalized pursuant to OCGA § 40-5-58 (c) (1), it is undisputed that Christian had been issued a probationary driver's license at the time of the accident.[5]

"Criminal statutes are construed strictly against the State, they must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations."[6] Although the state claims that a probationary driver's license is not a "valid driver's license" pursuant to OCGA § 40-5-58 (c) (1), such a statutory interpretation would mean that any holder of a probationary driver's license could not operate a motor vehicle without violating OCGA § 40-5-58 (c) (1). In addition, while Christian could have been charged with other violations of OCGA § 40-5-58, such as violating the terms of his probationary driver's license, "when a crime can be committed in more than one way, the prosecution cannot be permitted to prove that crime in a different manner than that alleged in the indictment."[7] Because there was no conflict in the evidence, and the charge of being a habitual violator operating a vehicle without a "valid driver's license" demanded a verdict of acquittal as a matter of law, the trial judge erred in denying Christian's motion for a directed verdict as to that count.[8]

2. Christian also claims that he received ineffective assistance of

---

[5] See OCGA § 40-5-58 (e).

[6] (Citation omitted.) *Perkins v. State*, 277 Ga. 323, 325-326 (2) (588 SE2d 719) (2003).

[7] *Kevinezz v. State*, 265 Ga. 78, 81 (2) (b) (454 SE2d 441) (1995).

[8] See *Guzman v. State*, 206 Ga. App. 170, 172 (2) (424 SE2d 849) (1992).

YALE LAW LIBRARY

counsel in that trial counsel failed to (a) call his sister as a witness to testify as to the arresting police officer's bias against him, (b) cross-examine the driver of the other vehicle involved in the collision, and (c) object to certain testimony of the police officer.[9] In order to prevail on this claim, Christian must show both that trial counsel was deficient and that he was prejudiced by the deficiency.[10] Prejudice is shown by demonstrating that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel, and "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[11] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong,[12] and in reviewing a trial court's ruling as to ineffective assistance, we accept the trial court's factual findings unless clearly erroneous.[13]

(a) While Christian claims that trial counsel should have called his twin sister to testify on his behalf, defense attorneys are afforded wide discretion in regard to decisions about which witnesses should be called to testify.[14] Here, Christian's sister testified at the motion for new trial hearing that she was interviewed by Christian's trial counsel and told him that the arresting police officer "really, really dislikes [Christian] a lot" because Christian had allegedly been involved in a romantic relationship with the officer's ex-wife prior to their divorce.

Trial counsel testified that not calling Christian's sister was a matter of trial strategy. He was concerned that Christian's sister would convey to the jury her belief that Christian was an alcoholic, and Christian's sister acknowledged telling trial counsel that she thought Christian needed to cut down on his drinking. In addition, trial counsel testified that police bias did not support his theory of the case. In any event, the jury was informed of the alleged affair when the arresting officer testified on cross-examination that he held "no animosity toward Mr. Christian because he had a romantic

---

[9] Christian also claims that trial counsel was ineffective in requesting the jury be charged that it is unlawful for a habitual violator who has been issued a probationary driver's license to operate a vehicle in any manner that violates the special conditions of the license. Given our holding in Division 1, however, we need not address this claim.

[10] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004).

[11] *Strickland*, supra at 691 (III) (B); *Allen v. State*, 277 Ga. 502, 503 (3) (591 SE2d 784) (2004).

[12] *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[13] *Lupoe v. State*, 284 Ga. 576, 578 (3) (669 SE2d 133) (2008).

[14] *Peterson v. State*, 282 Ga. 286, 292 (4) (d) (647 SE2d 592) (2007).

relationship with [his] wife." Given that "strategic decisions regarding defense theories, which witnesses to call, and extent of cross-examination are within the exclusive province of the attorney after consultation with the client and do not amount to ineffective assistance[,]"[15] trial counsel's decision not to call Christian's sister as a witness does not constitute ineffective assistance.

(b) Christian also claims that trial counsel was ineffective in failing to cross-examine the driver of the other vehicle involved in the collision. Trial counsel testified that he chose not to cross-examine the driver because the testimony he provided on direct examination did not "damage [his] theory of the case." As previously mentioned, strategic decisions regarding the extent of cross-examination generally do not amount to ineffective assistance.[16] Moreover, Christian failed to call the other driver, or otherwise prove what his testimony on cross-examination might have been, at the motion for new trial hearing. He has, therefore, not met his burden of showing there is a reasonable probability the result of the proceedings would have been different had trial counsel cross-examined the driver of the other vehicle involved in the collision.[17]

(c) Finally, Christian claims that trial counsel was ineffective in failing to object when, in response to being questioned about the factors he considered in arresting Christian, the police officer testified that "[w]e've had people refuse completely all of the [field sobriety] tests and taken them to jail and gotten convictions." While the officer's statement was not directly relevant to Christian's case since Christian did not refuse the "walk and turn" test, Christian does not assert what corrective measures the court might have taken in response to an objection, and, given the strength of the evidence against Christian, the trial court did not err in determining that there was no reasonable probability that the outcome of Christian's trial would have been different if trial counsel had objected to the police officer's testimony.[18]

*Judgment affirmed in part and reversed in part. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 22, 2009.

*Benjamin R. Makin*, for appellant.

---

[15] (Citation omitted.) *Smith v. State*, 283 Ga. 237, 239 (2) (b) (657 SE2d 523) (2008).
[16] Id.
[17] See *Terry v. State*, 284 Ga. 119, 121 (2) (c) (663 SE2d 704) (2008).
[18] *Banks v. State*, 281 Ga. 678, 684 (6) (642 SE2d 679) (2007).

*Kenneth W. Mauldin, District Attorney, C. Rebecca Smith, Assistant District Attorney*, for appellee.