A12A0270. MURRAY v. THE STATE.
(727 SE2d 267)

DOYLE, Presiding Judge.

William Terrence Murray appeals his conviction for two counts of driving without a valid license after being declared a habitual violator.[1] We reverse as to those counts,[2] for the reasons that follow.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence. Moreover, we do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3]

So viewed, the evidence shows that on April 22, 2007, Murray was pulled over after an officer observed him driving approximately 70-80 miles per hour in a 45-mile-per-hour zone. A check of Murray's driver's license revealed that he was declared a habitual violator in 2004 and had a probationary driver's license. After the officer noticed Murray's large pupils and smelled alcohol emanating from him, Murray was arrested for driving under the influence of alcohol

---

[1] See OCGA § 40-5-58 (c) (1).

[2] Murray does not challenge the remaining counts of his conviction, and therefore, we do not address them.

[3] (Footnote omitted.) *Christian v. State*, 297 Ga. App. 596, 596 (1) (677 SE2d 767) (2009).

("DUI"). A subsequent blood test indicated that Murray's blood alcohol level was 0.138 grams.

Approximately two weeks later, on May 6, 2007, Murray drove his vehicle off the highway and into a ditch. When police reported to the scene, Murray, who was naked below the waist, had bloodshot, watery eyes and slurred speech, was argumentative and agitated, and smelled of alcohol. Murray was arrested for DUI, but he refused to submit to a blood test. The arresting officer ran Murray's license and learned that Murray was a habitual violator; Murray did not tell the officer that he had a probationary license.

With regard to the April 2007 incident, Murray was charged with the following: driving without a valid license after being declared a habitual violator (Count 1); driving under the influence of alcohol with an illegal alcohol concentration ("DUI per se") (Count 2); driving under the influence of alcohol to the extent that he was a less safe driver ("DUI less safe") (Count 3); possession of marijuana (Count 4); possession of an open container of alcohol while operating a motor vehicle (Count 5); reckless driving (Count 6); and operating a vehicle without an operational tag light (Count 7). With regard to the May 2007 incident, Murray was charged with the following: driving without a valid license after being declared a habitual violator (Count 8); DUI per se (Count 9); failure to maintain lane (Count 10); and alteration of his license plate (Count 11).

Murray moved for a directed verdict as to Counts 1, 4, 5, 6, and 9, and the trial court directed a verdict on Counts 4 and 9, but denied the motion on Counts 1, 5, and 6. The jury found Murray guilty of the remaining charges (Counts 1-3, 5-8, 10 and 11), and he was sentenced to a term of 14 years, to serve 12.[4] The trial court denied Murray's subsequent motion for new trial, and this appeal followed.

1. Murray argues that the trial court erred by denying his motion for directed verdict as to Count 1, which alleged that on April 22, 2007, Murray

did unlawfully then and there DRIVE A MOVING MOTOR VEHICLE AFTER THE ACCUSED WAS NOTIFIED THAT [T]HE ACCUSED WAS DECLARED A HABITUAL VIOLA-TOR, REVOKING THE ACCUSED'S LICENSE TO DRIVE AND THEREAFTER FAILING TO OBTAIN A VALID DRIV-ER'S LICENSE, THIS OFFENSE OCCURRING WITHIN FIVE (5) YEARS OF THE ACCUSED RECEIVING THE NOTICE STATED SUPRA.

---

[4] The trial court merged Count 3 with Count 2.

At trial, the arresting officer testified that Murray had a probationary driver's license on the day of his April 22, 2007 arrest, and the State tendered a copy of Murray's application for a probationary driver's license, which was approved on October 12, 2006, and expired on August 20, 2009.

A probationary driver's license is a valid driver's license for purposes of OCGA § 40-5-58 (c) (1).[5] Thus, Murray was not driving without a valid driver's license. And, while he

> could have been charged with other violations of OCGA § 40-5-58, such as violating the terms of his probationary driver's license, when a crime can be committed in more than one way, the prosecution cannot be permitted to prove that crime in a different manner than that alleged in the indictment. Because there was no conflict in the evidence, and the charge of being a habitual violator operating a vehicle without a "valid driver's license" demanded a verdict of acquittal as a matter of law, the trial judge erred [by] denying [Murray's] motion for a directed verdict as to that count.[6]

2. Murray also contends that trial counsel was ineffective by failing to move for a directed verdict as to Count 8, which alleged that he operated a motor vehicle as a habitual violator without a valid driver's license on May 2, 2007. We agree.

> In order to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[7] appellant must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[8]

Here, the State charged in Count 8 that on May 6, 2007, Murray drove without a valid driver's license after being declared a habitual violator. At trial, the State submitted evidence that Murray's probationary license was approved on October 12, 2006, and expired on August 20, 2009, and there was no evidence that the Department of

---

[5] See id. at 597 (1).

[6] (Punctuation and footnote omitted.) Id.

[7] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[8] (Citation and punctuation omitted.) *Vergara v. State*, 287 Ga. 194, 197 (3) (695 SE2d 215) (2010).

Driver Services had revoked his probationary license. Thus, as we concluded in Division 1, the State failed to prove the charge alleged in Count 8.[9] Because the trial court would have been required to grant a motion for directed verdict as to Count 8, Murray's trial counsel was ineffective by failing to make such a motion.[10] The trial court erred by denying Murray's motion for new trial on this basis, and his conviction as to Count 8 must be reversed.

*Judgment reversed. Andrews and Boggs, JJ., concur.*

DECIDED APRIL 18, 2012.

*James C. Wyatt*, for appellant.

*T. Joseph Campbell, District Attorney, Suzanne Z. Brookshire, Assistant District Attorney*, for appellee.

---

[9] See *Christian*, 297 Ga. App. at 597 (1).

[10] See *Coney v. State*, 290 Ga. App. 364, 372-373 (3) (c) (659 SE2d 768) (2008).

